# Mary J. Harrington, Appellant, *v.* Keystone Mutual Benefit Association.

*Beneficial associations—By-laws—Reinstatement of member.*

A by-law of a beneficial association which provides that "the executive committee shall have power to reinstate a delinquent member at any time within a year, upon satisfactory evidence of good health and upon payment of all delinquent premiums," does not give a delinquent member a legal or equitable right to reinstatement against the will of the executive committee. Though the application for reinstatement be made in time and the member be ready and willing to fully comply with all the terms and conditions of the by-law, the committee is not bound to grant the application.

Argued Feb. 1, 1899. Appeal, No. 4, Jan. T., 1899, by plaintiff, from order of C. P. Lehigh Co., June T., 1898, No. 51, refusing to take of nonsuit. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and DEAN, JJ. Affirmed.

Assumpsit to recover premiums paid to a beneficial association. Before ALBRIGHT, P. J.

At the trial the court entered a compulsory nonsuit saying:

"Defendant is a Mutual Life Insurance Company. Plaintiff became a member in 1881. Her policy lapsed about August 1, 1897, because of nonpayment of premiums or dues. Article 20 provides that failure to pay the premium within thirty days after notice shall forfeit membership. The executive committee shall have power to reinstate a delinquent member at any time within a year, upon satisfactory evidence of good health and upon the payment of all delinquent premiums. Article 19 of the by-laws provides that only such persons who are between the ages of fifteen and sixty years can become members. It can be found from plaintiff's evidence that after the lapsing she offered to the company evidence showing that she was then in good health, and also that she offered to pay the premiums in arrear. Thereafter the executive committee considered her application for reinstatement and refused it, the ground of refusal was that it was illegal to reinstate her. It can be found that plaintiff was then over sixty-five years of age, and that was the ground of refusal."

The court subsequently refused to take off the nonsuit.

*Error assigned* was refusal to take of nonsuit.

*P. A. Wildermuth*, for appellant.—The by-law must mean that in case of forfeiture of the policy the insured shall have a right to be reinstated as one of the insured and a member of the company: Lovick v. Providence Life Assn., 110 N. C. 93; Dennis v. Mass. Benefit Assn., 47 Hun, 341; Hull v. Hull, 24 N. Y. 647; Duplex Safety Boiler Co. v. Garden, 101 N. Y. 387.

The defendant association's executive committee should have reinstated the plaintiff, as the committee has no arbitrary discretion, and the question of a compliance with the requirements of the by-law is one for the jury.

The charter, policy and by-laws do not make any reference to age or "insurable condition" other than good health for purpose of reinstatement.

In Burkhard v. Travelers' Ins. Co., 102 Pa. 265, Chief Justice MERCUR quotes 2 Kent's Com. 557: " The true principle of sound ethics is to give to the contract the sense in which the person making the promise believes the other party to have accepted. A just sense should be exercised in so interpreting as to give due and fair effect to its provisions."

The plaintiff had a right to presume that the by-law required nothing more than it contained, and a popular meaning be given to its words.

The refusal of the defendant to reinstate the plaintiff is in violation of the Act of Assembly, May 7, 1889, P. L. 116, sec. 1, which prohibits any discrimination or distinction to be made in any of the terms and conditions of contracts of insurance. The defendant states as its ground for refusal to reinstate the plaintiff "that she is over seventy-three years of age." This is an illegal discrimination against the plaintiff.

*R. E. Wright*, with him *Edward Harvey*, for appellee.

OPINION BY MR. CHIEF JUSTICE STERRETT, Feb. 20, 1899:

The only subject of complaint in this case is the refusal of the court below to take off the judgment of nonsuit.

It is conceded that plaintiff's policy in the defendant association lapsed and became void, and her membership therein ceased because of her failure to pay regularly called assessments. But

her contention is that she was entitled to be reinstated to full membership, etc., under the provisions of the following by-law: "The executive committee shall have power to reinstate a delinquent member, at any time within a year, upon satisfactory evidence of good health and upon payment of all delinquent premiums:" By-laws, art. 30, sec. 2.

Conceding, for the purpose of argument, that her application was in time, and that she complied or was ready and willing to fully comply with all the terms and conditions of the by-laws above quoted, it does not follow that the committee was bound to reinstate her to membership in the association. While the by-laws empowered them to grant her request, they were not bound nor could they be compelled to do so. It neither clothed her with any legal or equitable right, nor did it impose any duty or obligation on the association that would enable her, as a delinquent member, to maintain this action.

The learned court was therefore clearly right in refusing to take off the judgment of nonsuit.

Judgment affirmed.